Parker v Trustees of the Spence Sch., Inc. (2024 NY Slip Op 05288)

Parker v Trustees of the Spence Sch., Inc.

2024 NY Slip Op 05288

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 155427/19 Appeal No. 2904 Case No. 2023-05368 

[*1]Adam Parker, et al., Plaintiffs-Appellants,
v
Trustees of the Spence School, Inc., Doing Business as The Spence School, Defendant-Respondent.

Clare Locke LLP, Alexandria, VA (Joseph R. Oliver, of the bar of the State of Virginia, admitted pro hac vice, of counsel), for appellants.
Troutman Pepper Hamilton Sanders LLP, New York (Michael E. Baughman of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered October 12, 2023, which denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, without costs.
As an initial matter, dismissal of plaintiffs' slander cause of action was not with prejudice, as the judgment did not so indicate, and a with prejudice dismissal must appear from the judgment (see CPLR 5013; Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, 739 [1983]; 420 E. Assoc. v Estate of Lennon, 225 AD2d 326, 326 [1st Dept 1996]). Nor does anything in this Court's prior order (Parker v Trustees of the Spence Sch., Inc., 205 AD3d 459 [1st Dept 2022]) preclude plaintiffs from pursuing their claims if they are able to cure the infirmities in the original pleading.
Under the circumstances presented, the court providently exercised its discretion in denying leave to amend the complaint (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). The slander allegations in the proposed first amended complaint do not cure the deficiencies in the original complaint. In our prior decision, we concluded that plaintiffs' slander allegations failed because they did not sufficiently allege damages. At the time, the subject of the statements was a student and not engaged in a trade, business, or profession so as to bring the case within the parameters of slander per se (Parker, 205 AD3d at 459). Plaintiffs now allege that she is in pursuit of her profession and the defamatory statements have continued to affect her. However, this does not change the fact that at the time the allegedly defamatory statements were made, she was a student not engaged in a trade or profession (see Shakun v Sadinoff, 272 App Div 721 [1st Dept 1947]; Cain v Esthetique, 182 F Supp 3d 54, 73 [SD NY 2016], affd 733 Fed Appx 8 [2d Cir 2018], cert denied US , 139 S Ct 1199 [2019]).
Nor do we find persuasive plaintiffs' new allegations of special damages, which must consist of the "loss of something having economic or pecuniary value, which must flow directly from the injury to reputation caused by the defamation and not from the effects of the defamation" (Franklin v Daily Holdings, Inc., 135 AD3d 87, 93 [1st Dept 2015] [internal quotation marks omitted]). Although plaintiffs have identified certain costs they contend flowed directly from the damage to their daughter's reputation, the expenses they incurred were largely related either to providing emotional support to their daughter (see Stern v Cosby, 645 F Supp 2d 258, 288 n 1 [SD NY 2009]).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024